UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERTO RICHARDSON,<br>JENNIFER RICHARDSON,<br>AND HENRY LOPEZ<br>    Plaintiffs<br><br>v.<br><br>AMERICAN HONDA FINANCE<br>CORPORATION and<br>COLLATERAL RECOVERY SERVICES, LLC<br>    Defendants | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED<br><br>NOVEMBER 20, 2019 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit by three consumers under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Connecticut Retail Installment Sales Financing Act ("RISFA"), the Uniform Commercial Code ("UCC"), the Connecticut Credit Collection Practices Act ("CCPA") and the Connecticut Unfair Trade Practices Act ("CUTPA") in connection with an improper repossession and breach of peace by the defendant Collateral Recovery Services, LLC ("CRS") acting on behalf of American Honda Finance Corporation ("AHFC").

### II. PARTIES

2. Plaintiff Roberto Richardson ("Roberto") is a consumer residing in Waterbury, Connecticut.

3. Plaintiff Jennifer Richardson ("Jennifer") is a consumer residing in Waterbury, Connecticut. She is Roberto's daughter.

4. Plaintiff Henry Lopez ("Henry", collectively "Plaintiffs") is a consumer residing in Waterbury, Connecticut. He is Jennifer's husband. Roberto is his father-in-law.

5. CRS is a Connecticut limited liability company located in North Branford, Connecticut.

6. AHFC is a California corporation with the principal offices in Torrance, California that regularly accepts assignment of retail installment sales contracts from Connecticut Honda and Acura dealerships.

### III. JURISDICTION

7. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367, and Fed. R. Civ. P. 18(a).

8. This Court has jurisdiction over CRS because it is a Connecticut limited liability company and conducts business in this state.

9. This Court has jurisdiction over AHFC because it regularly conducts business in this state.

10. Venue in this Court is proper, because the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

11. On July 20, 2018, Roberto purchased a 2015 Honda Accord (the "Vehicle") pursuant to a retail installment contract that was assigned to AHFC.

12. The purchase was made for the benefit of Jennifer and Henry, who were the primary operators of the Vehicle and who made the payments.

13. In June 2019, Plaintiffs fell behind in the payments for the Vehicle.

14. On August 10, 2019, Henry and his minor daughter were at church in Middletown, Connecticut and the Vehicle was parked on Old Church Street.

15. After services, Henry and his daughter returned to the Vehicle and were resting before the afternoon services. Isabella was asleep.

16. The Vehicle was running and they were about to drive to get something to eat. The Vehicle was parallel parked on the side of the road.

17. Suddenly, Henry noticed a truck reversing towards them at a high rate of speed. It appeared to Henry that it might strike the Vehicle.

18. Henry shifted the Vehicle into reverse and began backing up to avoid the truck.

19. Henry then realized the truck was a tow truck that was attempting to hoist the Vehicle while he and his daughter where inside of it.

20. The tow truck was operated by Timothy Clark ("Clark"), an employee of CRS.

21. Clark was acting as an employee and representative of CRS at all times.

22. CRS was attempting to repossess the Vehicle on behalf of AHFC.

23. Clark was able to hook the Vehicle despite Henry backing up and in the process damaged the Vehicle's tires and undercarriage.

24. Henry got out of the Vehicle to protest and told Clark to stop towing the Vehicle.

25. Clark refused to stop and used profanity when replying to Henry that he would not terminate the tow.

26. Henry's daughter remained in the Vehicle while Clark hoisted it.

27. Henry called the Middletown police, who responded about ten minutes later.

28. The responding officers erroneously told Henry and Clark that Clark could tow the Vehicle despite having committed a breach of peace.

29. Henry and Isabella were permitted to remove their bags, but not all of their personal belongings, before the Vehicle was towed away by Clark.

## V. CAUSES OF ACTION

### a. FAIR DEBT COLLECTION PRACTICES ACT (CRS)

30. CRS' conduct, as described above, violated the FDCPA § 1692f(6), in that it continued with a repossession attempt after it became apparent that the Vehicle could not be taken without breach of peace, and that it breached the peace in repossessing the Vehicle.

31. CRS is liable to the Plaintiffs for actual damages, including damages for emotional distress suffered by Henry, plus additional damages of up to $1,000.

32. CRS is also liable to Plaintiff for attorney's fees and costs.

### b. RETAIL INSTALLMENT SALES FINANCING ACT (AHFC)

33. AHFC violated RISFA, Conn. Gen. Stat. § 36a-785(a) by attempting to repossess the Vehicle in a manner that breached the peace. *See Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 226 (D. Conn. 2014) ("Connecticut precedent suggests that a repossessor may breach the peace if they repossess a vehicle in the face of oral protest from the owner of the vehicle.").

34. AHFC's violations were willful, and AHFC is therefore not entitled to a deficiency under the Contract and is barred from recovering any finance, delinquency or collection charge or any interest under the Contract.

35. Additionally, Pursuant to Conn. Gen. Stat. § 42-150bb, Plaintiff is entitled to her attorney's fees and costs as a matter of law.

### c. UNIFORM COMMERCIAL CODE (AHFC)

36. By attempting to repossess the Vehicle in a manner that breached the peace, AHFC violated C.G.S. § 42a-9-601 by failing to extend Plaintiffs' their rights under the Contract, which violation breached Article 9 of the Uniform Commercial Code.

37. Pursuant to Conn. Gen. Stat. § 42a-9-625, AHFC is liable to Plaintiffs for an amount equal to the credit service charge plus ten percent of the principal amount of the amount financed as shown on the Contract.

### d. CREDITOR COLLECTION PRACTICES ACT (AHFC)

38. AHFC violated the CCPA, Conn. Gen. Stat. § 36a-645 *et seq.* by engaging in conduct the natural consequence of which was to harass and abuse Plaintiff and by using fraudulent, deceptive, and misleading practices in connection with the collection of the Debt.

39. In acting as AHFC's agent, CRS used obscene and harassing language in violation of Conn. Agencies Regs. § 36a–647–5 in the course of the repossession.

40. For AHFC's unfair acts, Plaintiffs seek damages (including emotional distress damages), statutory damages, and attorney's fees and costs pursuant to the Conn. Gen. Stat. § 36a-648(a).

### e. CUTPA (ALL DEFENDANTS)

41. Defendants violated CUTPA, Conn. Gen. Stat. § 42-110a *et seq.* by their activities described above.

42. Defendants' acts as described above were unfair, immoral, unethical, oppressive, and unscrupulous as such to cause substantial injury to consumers.

43. The plaintiffs have sustained an ascertainable loss as a result of Defendants' acts, including but not limited to the payments Plaintiffs made under the Contract and the deprivation of the Vehicle, which was damaged in the tow.

44. Defendants are liable to Plaintiffs for their actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiffs claim statutory damages of $1,000, actual damages, punitive damages, attorney's fees and costs, and an order that AHFC is not entitled to any deficiency.

PLAINTIFFS, ROBERTO RICHARDSON,
JENNIFER RICHARDSON AND HENRY LOPEZ

By: _____
Daniel S. Blinn
dblinn@consumerlawgroup.com
Brendan L. Mahoney
bmahoney@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax (860) 571-7457
Juris No. 414047